# Askew *v.* The State.

*Selling or Giving Intoxicants to a Convict*

(Decided May 14, 1908.   46 South. 751.)

*Intoxicating Liquors; Unlawful Sale or Gift to Convict; Indictment.*—Construing section 4554 and section 4898, together, an indictment, which charges that defendant sold, gave, or furnished whisky an intoxicating beverage or drink to a named person, a convict sentenced to imprisonment for twenty years, for murder, and while sentence was yet in court, is sufficient, it not being necessary to aver that the convict was confined in the penitentiary or other special place. It is sufficient to constitute a violation of section 4554, if the convict was serving a sentence at the time of the alleged offense. The indictment further sufficiently negatives the idea that the convict may have been under a sentence from a municipality, conceding that the statutes does not apply to convicts of that description.

APPEAL from Baldwin Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Clem Askew was convicted of selling or giving intoxicating beverages to a convict, and he appeals. Affirmed.

The third count in the indictment is in the following language: "The said grand jury further charge that before the finding of this indictment Clem Askew did sell, give, or furnish whisky, an intoxicating beverage or drink, to Thomas Long, who was then and there a convict, sentenced to imprisonment for 20 years for murder in the second degree in the city court of Mobile, Ala., on, to wit, February 3, 1900, and while said sentence was yet in court against the said Thomas Long, against the peace and dignity," etc. Demurrer was interposed to the third count as follows: "(1) The said count does not specify the certain kind of liquor. (2) It does not allege whether said liquor was intoxicating or not. (3) It does not allege whether the convict was confined in the penitentiary or not. (4) It does not allege whether or not, at the time of the matters and things complained of, the said convict was lawfully confined under a conviction of crime."

LESLIE HALL, for appellant. No brief came to the reporter.

ALEXANDER M. GARBER, Attorney-General, for the State.

ANDERSON, J.—This case was tried upon the third count of the indictment; the other counts having been eliminated by the solicitor. The third count substantially pursued section 4554 of the Criminal Code of 1896, and was sufficient. Section 4898 of the Criminal Code of 1896. Nor was it necessary to aver that the convict was confined in the penitentiary or any special place.

It was sufficient if he was serving a sentence at the time of the alleged offense. We also think the indictment sufficiently negatives the idea that the person to whom the liquor was furnished may have been under sentence from a municipality, even if the statute does not apply· to convicts of every discription, which we need not decide, as it avers that he was under sentence of the city court of Mobile upon a conviction for murder.

The demurrer to the indictment was properly overruled, and the judgment of the circuit court is affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.